UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD MARINO,

                Plaintiff,

v.

DR. CARL J. KOENIGSMANN, Chief Med. Officer;
DR. CHARLES LEE, Med. Dir., Shawangunk Corr.
Facility; DAVID HAIMES, RPA, Five Points Corr.
Facility; DR. DANIEL WEINSTOCK, Med. Dir.,
Five Points Corr. Facility; JOHN LEMPKE, former
Superintendent of Five Points Corr. Facility; and
SUSAN CORDILEONE, Nurse Admin., Five Points
Corr. Facility f/k/a Jane Doe,

                Defendants.

9:12-CV-1170
(GTS/RFT)

_____

APPEARANCES:                                                OF COUNSEL:

RICHARD MARINO, 02-A-6601
  Plaintiff, *Pro Se*
Shawangunk Correctional Facility
P.O. Box 700
Walkil, New York 12589

HON. ERIC T. SCHNEIDERMAN                      KRISTEN M. QUARESIMO, ESQ.
Attorney General for the State of New York          Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Richard

Marino ("Plaintiff") against the six above-captioned New York State correctional employees

("Defendants"), are (1) Defendants' motion to dismiss Plaintiff's Amended Complaint for failure

to state a claim, (2) United States Magistrate Judge Randolph F. Treece's Report-

Recommendation recommending that Defendants' motion be granted in part and denied in part, and (3) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 28, 43, 44.)

In his Report-Recommendation, Magistrate Judge Treece recommends that Defendants' motion be denied except with regard to Plaintiff's claims against Defendant Cordileone. (Dkt. No. 43.) With regard to those claims, Magistrate Judge Treece recommends that the claims be dismissed unless Plaintiff amends those claims in a way that corrects the pleading defects identified in them. (*Id*.)

In his Objection to the Report-Recommendation, Plaintiff states that he agrees with Magistrate Judge Treece's recommendation that Plaintiff's claims against Defendant Cordileone be dismissed from the action. (Dkt. No. 44, at 3.) In addition, Plaintiff states that he does not intend to amend his claims against Defendant Cordileone. (*Id*.) Moreover, Defendants has filed no Objection with regard to the Report-Recommendation. (*See generally* Docket Sheet.) As a result, a clear-error standard of review of the Report-Recommendation is appropriate under the circumstances. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 43.) The Court would add only one brief point.

In his Objection, Plaintiff requests the appointment of counsel. The request is Plaintiff's second such request, his first request having been denied approximately a year ago (Dkt. No. 42; Text Order filed Apr. 16, 2013.) Plaintiff's second request for counsel is not accompanied by

documentation that substantiates his efforts to obtain counsel from the public and private sector. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). Moreover, even if the Court were to assume that Plaintiff's claims are likely to be of substance, the relevant factors would, and do, weigh against the granting of Plaintiff's motion, for the following three reasons: (1) at this point, it appears that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions; (2) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial (as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants), it is highly probable that this Court will appoint trial counsel at the final pretrial conference (should this case survive the filing of any motion for summary judgment); and (3) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. *See Terminate Control Corp.*, 28 F.3d at 1341; *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). For all of these reasons, Plaintiff's second request for counsel is denied.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 43) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 28) is **GRANTED** with respect to Plaintiff's claims against Defendant Cordileone, and those claims (and Susan Cordileone as a Defendant) are hereby **DISMISSED** from the action without further leave to amend; and it is further

3

**ORDERED** that Defendants' motion to otherwise **<u>DENIED</u>** such that Plaintiff's claims against the other Defendants survive Defendants' motion; and it is further

**ORDERED** that Defendants file an answer to the Plaintiff's Complaint within 14 days of the date of this Memorandum-Decision & Order pursuant to Fed.R.Civ.P. Rule 12(a)(4)(a) and this case is referred back to Magistrate Judge Randolph F. Treece for the setting of pretrial scheduling deadlines.

Dated: March 25, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge